## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLARENCE L. ROBERTS and ARKYLA MILLER,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **CASE NO.: 1:22-CV-187** |
| **v.** | ) ) ) | |
| **BENTARIUS FONTA STEWART, UNLIMITED DELIVERIES, LLC d/b/a MK-TRUCKING,** | ) ) ) ) | |
| **Defendants.** | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Bentarius Fonta Stewart ("Stewart") and Unlimited Deliveries LLC d/b/a/ MK-Trucking ("Unlimited") (collectively, "Defendants"), reserving all rights and defenses and without waiver thereof, remove to this Court a civil action originally filed in the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Mobile Division, on the following grounds:

## I.   THE COMPLAINT AND REMOVAL

1.     This is a civil action filed on April 7, 2022, in the Circuit Court of Mobile County, Alabama, bearing case number 02-CV-2022-900548 (the "state-court action") by Plaintiffs Clarence L. Roberts ("Roberts") and Arkyla Miller ("Miller") (collectively, "Plaintiffs").

2.      This case falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. § 1441 because (1) it is a civil action where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) Stewart and Unlimited are completely diverse from Plaintiffs.

3.      This case arises from a motor vehicle accident that occurred on March 15, 2022.  Plaintiffs assert claims against Defendants for negligence; wantonness; negligent hiring, retention, monitoring, supervision and/or training; and wanton hiring, retention, monitoring, supervision and/or training.  (*See generally* Ex. A, state-court action file, at Doc. 1.)

4.      Removal of this action is proper under 28 U.S.C. § 1446(a) because Mobile County, Alabama, where the state-court action was pending, is located in the Mobile Division of the Southern District of Alabama.  28 U.S.C. § 81(c)(2).  Because the Complaint was filed and currently pending in the Circuit Court of Mobile County, Alabama, this District is the proper venue for this action upon removal pursuant to U.S.C. § 1441(a).

5.      Plaintiffs perfected service on Stewart on April 11, 2022, and on Unlimited on April 11, 2022.  (Ex. A, state-court action file, at Docs. 8, 10.)

6.     Defendants file this Notice of Removal within 30 days of service pursuant to 28 U.S.C. 1446(b).  Removal is therefore timely.

## II.   <u>DIVERSITY JURISDICTION</u>

7.     Federal district courts have original jurisdiction of civil actions when there is diversity between the Plaintiff and Defendants, and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

### A.   <u>Amount in Controversy</u>

8.     "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  In some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)).

9.     "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the

pleadings to determine whether it is facially apparent that a case is removable." *Roe* 613 F.3d at 1061–62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754).

10.    It is facially apparent from the Complaint that the amount in controversy for the damages claimed by Roberts exceeds $75,000.00, exclusive of interest and costs.[1]

11.    Roberts claims damages for traumatic brain injury. Roberts also claims damages for "serious bodily harm, personal injury … medical bills (past and future), permanent physical impairment, permanent scarring, physical pain and suffering (past and future), mental anguish, medical expenses, financial loss, inconvenience, annoyance, loss of enjoyment and quality of life (past and future) and general damages." (Ex. A, state-court action file, at Doc. 1, ¶¶ 13, 17, 21, and 25.)

12.    The Eleventh Circuit has recently held that complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000. *Hickerson v. Enter. Leasing Co. v. Georgia, LLC*, 818 F.App'x 880, 883 (11th Cir. 2020) (citing *Gebbia v .Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)). In *Hickerson*, the Eleventh Circuit

---

[1] By contrast, Miller only a claims loss of consortium of Roberts, her husband, Count Five of the Complaint, as she was not involved in the automobile accident. However, "when there are multiple plaintiffs in an action … federal subject matter jurisdiction exists over all the plaintiffs' claims arising from the same case or controversy if just one plaintiff meets the jurisdictional amount." *Hickerson v. Enter. Leasing Co. v. Georgia, LLC*, 818 F.App'x 880, 883 (11th Cir. 2020) (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005)). Thus, if Roberts' claims exceed the $75,000 jurisdictional threshold, then Miller's claims do, too.

held that "[f]rom the alleged **traumatic brain injuries alone**, the district court could reasonably infer or deduce that the cost of treatment would satisfy the jurisdictional amount." *Hickerson*, 818 F.App'x at 883 (citing *Roe*, 613 F.3d at 1062 (emphasis added). *See also Hudson v. Illinois Cent. R.R. Co., Inc.*, No. CV 1:17-00424-KD-N, 2018 WL 1004877, at *3 (S.D. Ala. Feb. 21, 2018) (holding that plaintiff's injuries, which included, *inter alia*, a traumatic brain injury, satisfied the amount in controversy requirement for purposes of removal.)

13.     Moreover, Plaintiffs have alleged a wantonness claim and also seek punitive damages.  (Ex. A, state-court action file, at Doc. 1, ¶¶ 17, 25.)  "In determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered … unless it is apparent to a legal certainty that such cannot be recovered."[2] *Blackwell v. Great Am. Fin. Res., Inc.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

14.     In light of the foregoing, especially based upon Mr. Roberts' allegation of a "traumatic brain injury," it is facially apparent from the Complaint that the amount in controversy, more likely than not, exceeds the amount-in-controversy requirement.

---

[2] Again, Defendants do not concede that punitive damages are warranted in this case, and reserve any and all rights to challenge the same.  Instead, Defendants merely point out that punitive damages may be awarded in wantonness claims under Alabama law.

**B.** **Complete Diversity of the Parties**

    **i.** **Citizenship of the Plaintiffs**

15.    The Complaint identifies that Plaintiffs are both "residents" of Mobile County, Alabama. (Ex. A, state-court action file, at Doc. 1, ¶¶ 1–2.) Unfortunately, the Complaint does not use the term "citizen" as required for analysis under 28 U.S.C. § 1332. Nonetheless, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 239 F.3d 1254, 1257 (11th Cir. 2002) (citing *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972)). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]'" *McCormick*, 293 F.3d at 1257-58 (citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).

16.    In addition to the representations contained in the Complaint filed in the state court action, the accident report lists Roberts' address as 478 Scott Drive, Saraland, Alabama 36571. (Ex. B, Accident Report.) Miller was not involved in the accident and is therefore not listed therein. However, Miller has made a claim for Loss of Consortium for Roberts, her husband; therefore, Defendants must assume that Miller resides in Saraland with her husband. As such, Defendants have established that Plaintiffs have their "true, fixed, and permanent home" in the State of Alabama. Thus, Plaintiffs are Alabama citizens.

### ii.     Citizenship of Stewart

17.     Stewart was operating the tractor-trailer at the time of the accident.

18.     In the Complaint, Plaintiffs allege that "Stewart is "a resident citizen of the State of Mississippi." (*Id.*, ¶ 3.)  Furthermore, Stewart was personally served with the Complaint at 105 St. Charles Street, Hazelhurst, Mississippi.  (Ex. A, state-court action file, at Doc. 8.)  This is also the same address identified in the accident report.  (Ex. B, Accident Report.)  Accordingly, Defendants have established by a preponderance of the evidence that Stewart's "true, fixed, and permanent home" is in the State of Mississippi.  Stewart is therefore a Mississippi citizen.

### iii.     Citizenship of Unlimited

19.     "[A] limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'"  *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)).  Therefore, "'to sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company[.]'"  *Id.* (quoting *Rolling Greens, MHP, L.P.*, 374 F.3d at 1022).

20.     Unlimited is a Mississippi limited liability company organized in Jackson, Hinds County, Mississippi.   (Ex. C, Declaration of Justin Zarate.)

Unlimited is a single-member limited liability company with Mike Kalyn as its only member.  (*Id.*)

21.    Mr. Kalyn resides at 1853 Hilochee Ridge Rd., Clermont, FL 34714. Therefore, Unlimited is a Florida citizen, or possibly a Mississippi citizen.  In either case, there is complete diversity between Plaintiffs (Alabama citizens) and Defendants (Florida and/or Mississippi citizens).

## III.    <u>PROCEDURAL NOTICE</u>

22.    In conformity with 28 U.S.C. § 1446(d), the Defendants are serving this Notice of Removal on Plaintiffs.  In further compliance with 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the Circuit Clerk of Mobile County, Alabama, promptly after receiving a file-stamped copy of the same from the Clerk of this Court.

Respectfully submitted this the 6th day of May 2022.

*/s/ Jonathan K. Corley*
One of the Attorneys for Defendants
Bentarius Fonta Stewart and Unlimited
Deliveries LLC d/b/a/ MK-Trucking

**OF COUNSEL:**
Jonathan K. Corley (COR049)
WHITTELSEY & CORLEY, LLC
Post Office Box 106
Opelika, Alabama 36803–0106
T: (334) 745–7766
F: (334) 745-7766
E: jcorley@wwp-law.com

**OF COUNSEL:**
TROUSDALE RYAN, P.C.
113 East Tennessee Street
P.O. Box 367
Florence, Alabama 35631
T: 256.767.0333
F: 256.767.0331
E: albert@trousdaleryan.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 6th day of May 2022, I filed the foregoing using the CM/ECF system, which will send notification via email to the following counsel of record:

W. Bradford Kittrell
ANDY CITRIN INJURY ATTORNEYS, PC
Post Office Box 2187
Daphne, Alabama 36526
brad@citrinlaw.com

*/s/ Jonathan K. Corley*
Jonathan K. Corley