**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CLARENCE L. ROBERTS and ARKYLA MILLER,** | ) | |
| **Plaintiffs,** | ) | **Case No.: 1:22-CV-187-KD-M** |
| **v.** | ) | |
| **BENTARIUS FONTA STEWART, UNLIMITED DELIVERIES, LLC d/b/a MK-TRUCKING,** | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' FIRST MOTION IN LIMINE**

Defendants, Bentarious Fonta Stewart ("Stewart") and Unlimited Deliveries, LLC ("Unlimited") (collectively, "Defendants"), move this Honorable Court to enter an Order *in limine* precluding evidence, argument, or the mention of any evidence relating to the hiring, training, or supervision of Stewart by Unlimited (including the driver "qualification" process).[1] As grounds, Defendants state as follows:

1. At this point, due to unrelated criminal proceedings in Arkansas, it appears that Stewart will be unavailable to testify at trial.

2. Plaintiffs deposed Stewart on July 14, 2023. The deposition was video-recorded. Plaintiffs have designated various portions of Stewart's deposition testimony to play to the jury.[2]

[1] Per the Court's instructions at the Pretrial Conference, counsel for the parties conferred concerning the topics identified by Defendants as potential Motion in Limine topics in the Joint Pretrial Document. (Doc. 93 at pp. 16-17). Counsel were able to resolve some of the anticipated Motions but not all of them, thus precipitating the filing of this Motion.

[2] Defendants have also objected to portions of the deposition testimony relative to the hiring, training, and supervision of Stewart. Pursuant to the Court's Order, the parties shall provide the Court with a deposition notebook, with the relevant designations—and objections—highlighted for the Court's review. Therefore, it is likely that most of these matters can be addressed by the Court's ruling on those objections.

3. Some of those portions designated concern Unlimited's hiring, training, and supervision of Stewart. For example, Defendants anticipate Plaintiffs seeking testimony from Stewart concerning: (a) the reason why he applied at Unlimited in or about September 2021; (b) searching and finding Unlimited on the job website Indeed.com; (c) meeting and interviewing with Unlimited's hiring manager (Shane Walley) and safety manager (Josh Little); (d) Stewart performing a driving test; (e) going over safety rules and procedures, filling out an application, Stewart's level of experience; (f) Stewart filling out the job application on Indeed.com via his phone; (g) Stewart discussing his driving history with Little; (h) Stewart resigning his employment with Unlimited in December 2021; and (i) Stewart being rehired at Unlimited in or about February 2022.

4. "The starting place for evidentiary admissibility is relevance. Evidence is 'relevant' under Rule 401 of the Federal Rules of Evidence if 'it has any tendency to make a fact more or less probable than it would be without the evidence' and 'the fact is of consequence in determining the issue.'" *United States v. McGregor*, 960 F.3d 1319, 1323-23 (11th Cir. 2020) (quoting Fed. R. Evid. 401) (further citations omitted.)

5. In light of this Court's Summary Judgment Order, granting a partial Summary Judgment in favor of Unlimited as to Counts III and IV of the Complaint (negligent and wanton hiring, training, and supervision), any testimony or documentary evidence concerning the hiring, training, and supervision of Stewart is immaterial, irrelevant, and non-probative as to the issues for consideration by the jury at trial.

6. But even if the evidence is somehow relevant, the Court should nevertheless disallow it under Rule 403. Rule 403 provides that "the court may exclude relevant evidence if its

---

However, out of an abundance of caution, and to the extent there are matters not addressed in the designations or Stewart actually testifies live at trial, Defendants file this Motion.

probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

7. Even if relevant despite this Court's Summary Judgment Order (and it is not), the probative value of any evidence concerning the hiring, training, and supervision of Stewart would be substantially outweighed by the danger of unfair prejudice, would confuse the issues, and waste time at trial.

Respectfully submitted this the 19th day of December 2024.

*/s/ Albert J. Trousdale, II*
Albert J. Trousdale, II
TROUSDALE RYAN, P.C.
Post Office Box 367
Florence, Alabama 35631
(256) 767-0333
E: albert@trousdaleryan.com
Attorney for Bentarious Stewart

*/s/ Jonathan K. Corley*
Jonathan K. Corley
WHITTELSEY & CORLEY, LLC
Post Office Box 106
Opelika, Alabama 36803-0106
(334) 745-7766
jcorley@wwp-law.com
Attorney for Unlimited Deliveries, LLC
d/b/a MK Trucking

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 19th day of December 2024, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following counsel of record via e-mail:

W. Bradford Kittrell
Brett W. Aaron
Mallory J. Mangold
ANDY CITRIN INJURY ATTORNEYS, PC
Post Office Box 2187
Daphne, Alabama 36526
brad@citrinlaw.com
brett@citrinlaw.com
mallorym@citrinlaw.com

*/s/ Jonathan K. Corley*
Jonathan K. Corley