**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CLARENCE L. ROBERTS and ARKYLA MILLER,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CASE NO.: 1:22-CV-187-KD-M** |
| **BENTARIUS FONTA STEWART; UNLIMITED DELIVERIES, LLC d/b/a MK-TRUCKING,** | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFFS' FIRST MOTION IN LIMINE**

Plaintiffs Clarence Roberts and Arkyla Miller move this Honorable Court to enter an order *in limine* precluding evidence, argument, or any mention of evidence concerning or related to the circumstances surrounding the adoption of Plaintiffs' children. As grounds, Plaintiffs state as follows:

1. This case arises from a motor vehicle accident in which Plaintiff Clarence Roberts was seriously injured when an 18-wheeler operated by Defendant Bentarius Stewart collided with Plaintiff's vehicle.

2. Defendants deposed Arkyla Miller on July 10, 2024. During the deposition, Defendants questioned Miller regarding the circumstances of their children's legal adoption by Plaintiffs' relatives. Plaintiffs anticipate that Defendants may seek to introduce testimony or other evidence regarding the legal adoption of Plaintiffs' children by Plaintiffs' relatives.

3. Such testimony is irrelevant to any material fact at issue in this litigation.

Under Rule 401 of the Federal Rules of Evidence, evidence is only admissible if it has any tendency to make a fact of consequence more or less probable. The fact that Plaintiffs' children were legally adopted by relatives has no bearing on the issues of liability, causation, or damages arising from the motor vehicle accident.

4. Even if such testimony had any marginal relevance, it should be excluded under Rule 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Allowing such testimony would only serve to distract from the key issues in this case, namely, the negligence of the Defendant and the damages sustained by Plaintiff because of the accident.

5. If the Court denies this motion, Plaintiffs move in the alternative to limit any testimony or argument regarding the legal adoptions to the fact that the adoptions occurred. Defense counsel must clarify before the jury that these adoptions are perfectly legal. Unless defense counsel can prove otherwise, any reference to these legal adoptions must not infer or insinuate any devious or nefarious intent.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order prohibiting Defendants, Defendants' counsel, and Defendants' witnesses from introducing, referring to, or eliciting any testimony or evidence regarding the adoption of Plaintiff's children by Plaintiff's relatives at trial.

Respectfully submitted,

*/s/ W. Bradford Kittrell*

W. BRADFORD KITTRELL (KIT008)
Andy Citrin Injury Attorneys
Post Office Box 2187
Daphne, Alabama 36526
Telephone: (251) 888-8400
Facsimile: (251) 888-8000
brad@citrinlaw.com

**CERTIFICATE OF SERVICE**

I HERBY certify that on this 18th day of March 2025, I have served a copy of the foregoing materials on all counsel of record using the CM/ECF filing system, which will send notification of same to all counsel of record:

William Alfred Austill
Joseph E.B. Stewart
AUSTILL LEWIS PIPKIN & MADDOX, PC
Post Office Box 11927
Birmingham, AL 35202
Telephone: (205) 870-3767
Email: baustill@maplaw.com
Email: jstewart@maplaw.com
*Counsel for Defendants J.H. Walker, Inc. and Danny Bascle*

Megan K. McCarthy
BALL BALL MATTHEWS & NOVAK, P.A.
445 Dexter Avenue, Suite 9045
Montgomery, AL 36104-3890
(334) 387-7680, Ext 180
(334) 386-0056 (direct)
(334) 387-3222 (fax)
Email: mmccarthy@ball-ball.com
*Counsel for Defendant Howard Shane Murphy*

*/s/ W. Bradford Kittrell*
OF COUNSEL