**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CLARENCE L. ROBERTS and ARKYLA MILLER,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CASE NO.: 1:22-CV-187-KD-M** |
| **BENTARIUS FONTA STEWART; UNLIMITED DELIVERIES, LLC d/b/a MK-TRUCKING,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' SECOND MOTION IN LIMINE**

Plaintiffs Clarence Roberts and Arkyla Miller move this Honorable Court to enter an order *in limine* precluding evidence, argument, or any mention of evidence concerning or related to the circumstances surrounding the conviction of Clarence Roberts for First Degree Insurance Fraud. As grounds, Plaintiffs state as follows:

1. This case arises from a motor vehicle accident in which Plaintiff Clarence Roberts was seriously injured when an 18-wheeler operated by Defendant Bentarius Stewart collided with Plaintiff's vehicle.

2. Defendants have indicated an intent to introduce testimony or argument concerning the circumstances surrounding Plaintiff Clarence Roberts' prior conviction for first degree insurance fraud.

3. Under Federal Rule of Evidence 401, evidence is relevant only if it has a tendency to make a fact more or less probable than it would be without the evidence. The details of Plaintiff's prior conviction have no bearing on the issues in this case, which

concern Defendant's liability for Plaintiff's injuries. Further, Federal Rule of Evidence 403 permits exclusion of evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Allowing testimony regarding the details of Plaintiff's conviction would serve only to inflame the jury and distract from the actual issues in the case.

4. While Federal Rule of Evidence 609 permits the use of prior convictions for impeachment under certain circumstances, it does not allow broad inquiry into the underlying facts and circumstances of the conviction. Courts routinely limit the admissibility of prior convictions to the fact of the conviction itself, rather than allowing detailed testimony that could unfairly prejudice the jury. A witness is required "to give answers only as to whether he had been previously convicted of a felony, as to what the felony was, and as to when the conviction was had." *United States v. Tumblin*, 551 F.2d 1001, 1004 (5th Cir. 1977).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order prohibiting Defendants, Defendants' counsel, and Defendants' witnesses from introducing, referring to, or eliciting any testimony or evidence regarding collateral circumstances surrounding Plaintiff Clarence Roberts' conviction for insurance fraud above and beyond the fact that Roberts was convicted, the date of conviction, and for which crime he was convicted.

Respectfully submitted,

*/s/ W. Bradford Kittrell*

W. BRADFORD KITTRELL (KIT008)
Andy Citrin Injury Attorneys
Post Office Box 2187
Daphne, Alabama 36526
Telephone: (251) 888-8400
Facsimile: (251) 888-8000
brad@citrinlaw.com

**CERTIFICATE OF SERVICE**

I HERBY certify that on this 18th day of March 2025, I have served a copy of the foregoing materials on all counsel of record using the CM/ECF filing system, which will send notification of same to all counsel of record:

William Alfred Austill
Joseph E.B. Stewart
AUSTILL LEWIS PIPKIN & MADDOX, PC
Post Office Box 11927
Birmingham, AL 35202
Telephone: (205) 870-3767
Email: baustill@maplaw.com
Email: jstewart@maplaw.com
*Counsel for Defendants J.H. Walker, Inc. and Danny Bascle*

Megan K. McCarthy
BALL BALL MATTHEWS & NOVAK, P.A.
445 Dexter Avenue, Suite 9045
Montgomery, AL 36104-3890
(334) 387-7680, Ext 180
(334) 386-0056 (direct)
(334) 387-3222 (fax)
Email: mmccarthy@ball-ball.com
*Counsel for Defendant Howard Shane Murphy*

*/s/ W. Bradford Kittrell*
OF COUNSEL